IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:11-cv-03144-WYD-CBS

MOLYCORP MINERALS, LLC,
a Delaware corporation,

      Plaintiff,

v.

HALOSOURCE, INC.,
a Washington corporation,

      Defendant.
_____

## STIPULATED PROTECTIVE ORDER
_____

      Molycorp Minerals, LLC and HaloSource, Inc. (collectively the "Parties," and individually a "Party") anticipate that discovery in this action will require the production of documents, things, and testimony that may be or contain confidential, sensitive, or proprietary information. In the interest of expediting discovery and limiting disputes regarding access to such information, the Parties hereby stipulate and agree to the request for, and entry of, the Protective Order set forth below.

      Based on the stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

      1.      All documents, information, and items produced in the course of discovery, including initial disclosures; responses to interrogatories and requests for admissions; production and disclosure of documents, information, and items; and deposition testimony and exhibits, whether produced by a party or nonparty, shall be subject to this Protective Order as set forth below.

2. Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by such Party or nonparty (the "Designating Party") as (1) "CONFIDENTIAL" or (2) "ATTORNEYS' EYES ONLY" ("Designated Material") under the terms of this Protective Order.

3. By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

4. Subject to Paragraph 3 above, non-public information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. Subject to Paragraph 3 above, non-public information or materials may be designated as ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of value to a competitor or potential customer of the Designating Party possessing the information and that therefore must be protected from disclosure. ATTORNEYS' EYES ONLY information may include, without limitation, highly sensitive technical information, highly sensitive financial information, marketing plans and forecasts, pricing and cost information, and customer names and lists. Absent a specific order by this Court, once designated as ATTORNEYS' EYES

ONLY, such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

6.  The designation of information or material as CONFIDENTIAL or ATTORNEYS' EYES ONLY for purposes of this Protective Order shall be made in the following manner by the Designating Party:

(a)  In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the words CONFIDENTIAL or ATTORNEYS' EYES ONLY, as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b)  In the case of depositions or other pretrial or trial testimony, the parties agree that they shall make a good faith effort to designate as Designated Material those specific portions of a deposition transcript that contain Designated Material.  The entire transcript of a deposition shall be treated as ATTORNEYS' EYES ONLY until 30 days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall cease to be treated as ATTORNEYS' EYES ONLY unless, at the deposition and on the record, or in writing before the 30 days have expired, the witness, counsel of the Designating Party designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  In the case of non-party witnesses, any party or the non-party witness, or his or her counsel, may designate information revealed as Designated Material either by a

statement to such effect on the record in the course of the, deposition, or in writing within 30 days of receipt of the deposition by the non-party witness' counsel.

Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive documents or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Such right of exclusion shall be applicable only during periods of examination or testimony directed to or constituting Designated Material of the Designating Party.

The Court Reporter may be asked to prepare CONFIDENTIAL, ATTORNEYS' EYES ONLY, or non-confidential versions of the transcript, as appropriate. All video and/or audio copies of depositions that have been stated to contain, in whole or in part, Designated Material, shall be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY in their entirety depending on the highest level of Designated Material contained in the deposition.

With regard to Designated Material designations made within thirty (30) days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript. The notice shall reference this Order, identify the appropriate level of confidentiality, and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of this Order.

7.     Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Parties' outside counsel of record in this action and regular and temporary employees of such counsel, as well as imaging or copy vendors retained by outside counsel of record, to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) Up to no more than seven (7) employees of each Party whose identity will be provided to the other Party at least seven (7) days prior to the disclosure, including in-house counsel, whose assistance is needed by counsel for the purposes of this litigation and subject and conditioned upon compliance with paragraph 11 below. Each Party may request permission from the Producing Party to increase the number of employees who may have access to CONFIDENTIAL information. The Parties agree to discuss the request in good faith;

(c) Consultants as defined in paragraph 9 below and pursuant to the provisions of paragraphs 10 and 11below and subject and conditioned upon compliance with paragraph 10 below;

(d) The Court;

(e) Court reporters employed in connection with this action;

(f) Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with paragraph 11 below;

(g) Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with paragraph 11 below; and

(h) Any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material subject to and conditioned upon requirements of paragraph 11.

8. Information or material designated as ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized,

described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

 (a) Parties' outside counsel of record in this action and regular and temporary employees of such counsel, as well as imaging or copy vendors retained by outside counsel of record, to whom it is necessary that the information or material be shown for the purposes of this litigation;

 (b) Consultants as defined in paragraph 9 below and pursuant to the provisions of paragraphs 10 and 11 below and subject to and conditioned upon compliance with paragraphs 10 and 11 below;

 (c) The Court;

 (d) Court reporters employed in connection with this action;

 (e) Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with paragraph 11 below;

 (f) Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with paragraphs 9 and 11 below; and

 (g) Any other person only upon order of the Court or upon written consent of the Designating Party subject to and conditioned upon reliance with paragraph 11.

 9. For purposes of paragraphs 7(c) and 8(b) above, a "consultant" shall be defined as a person who is neither an employee of a Party at the time of disclosure nor anticipated to become an employee, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party.

 10. A party may disclose Designated Material to consultants, as specified in paragraph 9, provided that the party identifies such consultants to all other parties no later than ten (10) business days before disclosing such materials to such persons and no objection has been made the other party. Additionally, the party seeking to disclose such materials shall secure

from each such expert or consultant an Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A and shall deliver a copy of the Agreement forthwith to counsel for the other party.

In the event that a dispute arises regarding disclosure to an expert or consultant, the parties agree to discuss such objection and/or request and if they are unable to resolve such dispute, the party who objects to the disclosure to the expert shall apply to the Court within fourteen (14) days after the inability of the parties to agree, for resolution of that dispute. Pending resolution of the dispute, no disclosure shall be made to the expert.  If no application is made by the party objecting to the proposed expert within fourteen (14) days after the inability of the parties to agree, then disclosure may be made to the expert.

11. All persons listed in Paragraphs 7(b), 7(c), 7(f), 7(g) and 7(h) above may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.  Similarly, all persons listed in Paragraphs 8(b) and 8(e)-(g) above may be given access to information or material designated as ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

12. Any person may be examined as a witness at trial or during a deposition concerning Designated Material when it appears that person had access to the information or material prior to being examined or when the person is the Designating Party or its owner, officer, director, shareholder, affiliate, employee, representative, or agent.

13. The Parties must file documents containing Designated Material under seal in accordance with Rule 7.2 of the Rules of Local Practice for the United States District Court for

the District of Colorado and otherwise must comply with Rule 7.2, which will govern the Court's treatment of Designated Material.

14. A Party may challenge a Party's or nonparty's designation of information or materials produced herein as CONFIDENTIAL or ATTORNEYS' EYES ONLY by serving a written objection upon the Designating Party. Any such objection must be served no less than 45 days before the dispositive motion deadline. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within 10 days after receiving any written objection. The Parties and if applicable, the nonparty shall confer in good faith as to the validity of the designation within 5 days after the challenging Party has received the notice of the bases for the asserted designation. To the extent an agreement as to the designation is not reached, the objecting Party shall first consult with the Court prior to filing an Opposed Protective Order with the Court. If an agreement as to the designation is still not reached after consulting with the Court, the objecting Party may make an appropriate application to this Court after conferring with the Designating Party, requesting that specifically identified documents, information, or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons shall treat the information or materials in question as designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

15. The Parties designation of information or materials will be subject to the certification requirements of Federal Rules of Civil Procedure 26(g).

16. All Designated Material covered by this Protective Order shall be kept in secure facilities.

17. All counsel for the parties who have access to Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

18. Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a) Operate as an admission by any Party that any particular Designated Material by another party or a nonparty contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party or nonparty to be CONFIDENTIAL or ATTORNEYS' EYES ONLY;

(c) Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery;

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e) Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) Prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order relating to any purportedly confidential information; or

(g) Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

19. This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or material

designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY obtained lawfully by such Party independently of any proceedings in this action, or which:

    (a)    Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    (b)    Is or becomes publicly known through no fault or act of such Party; or

    (c)    Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure.

20.    If a Party or nonparty inadvertently produces CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing Party or nonparty provides actual written notice to the receiving Party or the receiving Party becomes aware of the disclosing Party's or nonparty's error; provided, however, that the receiving Party is under such obligation only if it clearly appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the Party or nonparty.  As soon as the disclosing Party or nonparty notifies the receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the receiving Party agrees to endeavor in good faith to obtain all copies of the document, or notes or extracts thereto, which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

21.    Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges shall be subject to Federal Rules of Civil Procedure 26(b)(5) and Federal Rules of Evidence 502.

22.    The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

23. The terms of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.

24. Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

25. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

26. Except as otherwise provided in paragraph 25 below, within 60 days after the conclusion of this action and any appeals arising therefrom, all originals and copies of Designated Material, other than Designated Material in possession of the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to the Designating Party. Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition.

27. After the conclusion of this action and any appeals arising therefrom, counsel for any Party in receipt of Designated Material under the Protective Order may retain copies of any Designated Material as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside of counsel's law firm.

28. If a subpoena, court order, discovery request, or other compulsory process is received by a Party or its counsel requesting Designated Material received under this Protective Order, the Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that the Designating Party may intervene and seek protection of its Confidential Material.

29. In the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

Dated:  March 12, 2012

| | |
|---|---|
| s/ Todd P. Blakely | s/ John D. Denkenberger |
| Todd P. Blakely | John D. Denkenberger |
| tblakely@sheridanross.com | john.denkenberger@cojk.com |
| Hiwot M. Covell | James W. Anable |
| hcovell@sheridanross.com | james.anable@cojk.com |
| Sheridan Ross P.C. | Christensen O'Connor Johnson Kindness PLLC |
| 1560 Broadway, Suite 1200 | 1420 Fifth Avenue, Suite 2800 |
| Denver, CO 80202 5141 | Seattle, Washington 98101 |
| Telephone: 303-863-9700 | Telephone: 206.682.8100 |
| Facsimile: 303-863-0223 | Facsimile: 206.224.0779 |
| E-mail: litigation@sheridanross.com | E-mail: litdoc@cojk.com |
| ATTORNEYS FOR PLAINTIFF | Richard G. (Chip) Sander |
| | rsander@siwlegal.com |
| | Sander, Ingebretsen & Wake, P.C. |
| | 1660 17th Street, Suite 450 |
| | Denver, CO  80202 |
| | Telephone: 303/285-5300 |
| | Facsimile:  303/285-5301 |
| | ATTORNEYS FOR DEFENDANT |

- 13 -

DATED at Denver, Colorado, this 12th day ofMarch, 2012 March 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____

_____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado in the case of *Molycorp Minerals, LLC v. HaloSource, Inc.*, Case No. 11-cv-03144-WYD-CBS. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Name: _____

Date: _____