IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03144-WYD-CBS

MOLYCORP MINERALS, LLC,
a Delaware corporation,

     Plaintiff,

v.

HALOSOURCE, INC.,
a Washington corporation,

     Defendant.

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3. For general ESI production requests under Federal Rules of Civil Procedure 34 and 45, the following metadata fields (to the extent stored electronically) will be provided: file name; modification dates and times; authors; created date; and custodian. Other metadata fields shall not be required absent a showing of good cause. For e-mail, the following metadata fields (to the extent stored electronically) will be provided: to; from; cc; bcc; date (sent/received); times (sent/received); and custodian.

4.      General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of the Court, shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

5.      Production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. The Court may allow additional discovery upon a showing of good cause. Each requesting party shall limit its production requests to a total of 10 custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

6.      Each requesting party shall limit its production requests to a total of 20 search terms where 10 search terms are searched per custodian per party. The search terms do not need to be the same for each custodian. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.,* "computer" and "system") narrows the search and shall count as a single search term. A disjunctive

combination of multiple words or phrases (*e.g.,* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.,* "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

      7.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

      8.     The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

      9.     Absent agreement of the parties or further order of the Court, the parties agree that the following parameters shall apply to ESI production.

          a. Format. The parties agree that electronically stored information will be produced as a TIFF single page image so that the electronically stored information is compatible with Concordance (when supplied to Molycorp) and Summation (when supplied to HaloSource).

              i. Files compatible with Summation shall be single page TIFF with OCR and Summation Load files. The Load file will indicate the beginning and ending production numbers for the document.

              ii. Files compatible with Concordance shall be single page TIFF images with OCR and Concordance load files. The Load file will indicate the beginning and ending production numbers for the document.

b. Text-Searchable Documents. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in a text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c. Footer. Each document image shall contain a footer with a sequentially ascending production number.

d. Native Files. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

e. Backup Restoration Required.

The parties agree that backup data, maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, for the time period January 1, 2009 to June 30, 2011 is needed to comply with discovery obligations in the present case. The parties may jointly agree to modify this date range without the Court's leave.

f. Voice-mail and Mobile Devices.

Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

10. This Order may be modified for good cause.

11. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

DATED this 27th day of March, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

Dated: March 27, 2012

| By: s/ Todd P. Blakely | By: s/ John D. Denkenberger |
|---|---|
| Todd P. Blakely<br> tblakely@sheridanross.com<br>Hiwot M. Covell<br> hcovell@sheridanross.com<br>Sheridan Ross P.C.<br>1560 Broadway, Suite 1200<br>Denver, CO 80202 5141<br>Telephone: 303-863-9700<br>Facsimile: 303-863-0223<br>E-mail: litigation@sheridanross.com<br><br>ATTORNEYS FOR PLAINTIFF | John D. Denkenberger<br>john.denkenberger@cojk.com<br>James W. Anable<br>james.anable@cojk.com<br>Christensen O'Connor Johnson Kindness PLLC<br>1420 Fifth Avenue, Suite 2800<br>Seattle, Washington  98101<br>Telephone:  206.682.8100<br>Facsimile:  206.224.0779<br>E-mail: litdoc@cojk.com<br><br>Richard G. (Chip) Sander<br>    rsander@siwlegal.com<br>Sander, Ingebretsen & Wake, P.C.<br>1660 17th Street, Suite 450<br>Denver, CO  80202<br>Telephone: 303/285-5300<br>Facsimile:  303/285-5301<br><br>ATTORNEYS FOR DEFENDANT |